UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGIANNA LEBRUN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BLITT AND GAINES, P.C., ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 14-cv-10232 <br><br> Judge John W. Darrah |

# MEMORANDUM OPINION AND ORDER

Plaintiff Georgianna LeBrun filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant Blitt and Gaines, P.C. ("Blitt") on December 19, 2014. (Compl. ¶ 1.) Plaintiff alleges that Blitt violated the venue provision of the FDCPA, 15 U.S.C. § 1692i(a)(2), by filing a wage garnishment action in an improper venue. Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendant's motion is granted.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint, which are accepted as true for purposes of deciding the motion to dismiss. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Plaintiff is a resident of Prospect Heights, Illinois. (Compl. ¶ 13.) Defendant is a law firm with a principal place of business in Wheeling, Illinois, and is a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA. (*Id.* ¶¶ 5-6.)

Blitt is attempting to collect a debt of $2,116.02 on behalf of Discover Bank pursuant to a judgment entered against Plaintiff. (*Id.* ¶ 7; Comp. Ex. A.) The underlying collections case was filed on September 26, 2013, in the First Municipal District courthouse in the Circuit Court of Cook County, specifically, at the Richard J. Daley Center Courthouse ("Daley Courthouse"). (Compl. ¶¶ 8-10.) Blitt filed the wage garnishment action on February 14, 2014, at the same courthouse. (*Id.* ¶ 28.) Prospect Heights, Illinois is located in the Circuit Court of Cook County's Third Municipal District, and the Rolling Meadows Courthouse is the courthouse which serves that district. (*Id.* ¶¶ 14-15.) The Rolling Meadows Courthouse is almost five miles from Plaintiff's home, while the Daley Courthouse is twenty-eight miles from Plaintiff's home. (*Id.* ¶¶ 16-17.) Plaintiff alleges that Blitt filed the complaint and wage garnishment actions in the courthouse of the First Municipal District in order to discourage her from appearing and defending herself in the case, in violation of the FDCPA. (*Id.* ¶ 30).

**LEGAL STANDARD**

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must take well-pleaded allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). This presumption is "inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Instead, the "complaint must

provide the defendant with fair notice of what the claim . . . is and the grounds on which it rests." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## ANALYSIS

Plaintiff alleges that Blitt filed the wage garnishment action in the Daley Courthouse instead of the closer Rolling Meadows Courthouse, as a form of forum-shopping in violation of the venue provision of the FDCPA. 15 U.S.C. § 1692i(a)(2). The pertinent section of the venue provision provides:

> Any debt collector who brings a legal action on a debt *against any consumer* shall—
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
>    (A) in which such consumer signed the contract sued upon; or
>    (B) in which the consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a) (emphasis added). The Seventh Circuit has defined the venue provision narrowly, holding that "[t]he relevant judicial district or similar legal entity is the smallest geographic unit relevant for venue purposes in the court system in which the case is filed, regardless of the source of the venue rules."[1] *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 648 (7th Cir. 2014).

Both the collection action and the wage garnishment affidavit were filed in the First Municipal District of Cook County. (Compl. Ex. A.) Because *Suesz* is retroactive, the proper venue to file legal action against Plaintiff is the Third Municipal District. In order for Plaintiff to recover under the FDCPA, the wage garnishment must be considered a legal action *against a*

---

[1] This decision was retroactive, reversing *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996) (holding that the county is the relevant judicial district for venue purposes under the FDCPA). *Suesz*, 757 F.3d at 649-50.

*consumer*, as required by the venue provision. 15 U.S.C. § 1692k. At issue between the parties is whether a wage garnishment is a legal action against a consumer (judgment debtor) or against the debtor's employer.

Blitt argues that a wage garnishment is not a legal action against a consumer as defined by the FDCPA's venue provision. While Blitt acknowledges that a wage garnishment is a legal action on a debt, they argue that it is an action against the debtor's employer rather than against the judgment debtor. Further, Blitt contends that a holding to the contrary would render judgments obtained in collection actions virtually unenforceable if the debtor's employer does not reside in the same judicial district as the judgment debtor. Plaintiff asserts that a wage garnishment is a legal action against a consumer and thereby subject to the FDCPA venue provision. Plaintiff argues that by holding that a wage garnishment is subject to the venue provision, debtors will not have to defend themselves in distant courts, upholding the central aim of the FDCPA venue provisions.

Circuits are split as to whether a wage garnishment is considered a legal action against a consumer, and the Seventh Circuit has not yet addressed the issue. The First and Eleventh Circuits have held that a wage garnishment is not an action against a consumer and is not subject to the FDCPA venue provision. *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 76-77 (1st Cir. 2013); *Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376 (M.D. Ga.2001), *aff'd*, 273 F.3d 1121 (11th Cir. 2001). However, the Ninth Circuit held that a wage garnishment is an action against a consumer, stating that "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because 'debt' includes obligations reduced to judgment, any judicial proceeding relating

to such a judgment constitutes a 'legal action on a debt.'" *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994).

Several courts in this state and jurisdiction have found that wage garnishments are not considered actions against a consumer. In *McDermott v. Barton*, the court examined Illinois wage garnishment history and found that post-judgment enforcement proceedings like garnishments are instituted against the third-party employer. *McDermott v. Barton*, No. 14-CV-704-NJR-PMF, 2014 WL 6704544, at *7 (S.D. Ill. Nov. 26, 2014). The same result was found in *Etro v. Blitt and Gaines, P.C.*, in which the court examined the Illinois wage deduction scheme and found that they are not legal actions against any consumer as defined by the FDCPA. *Etro v. Blitt and Gaines, P.C.*, No. 14-C-8924, 2015 WL 1281521, at *2-3 (N.D. Ill. March 18, 2015). Several courts have also held that there is no cause of action under the venue provision of the FDCPA based on wage garnishments as they are legal actions against an employer. *Radcliffe v. Russel G. Winick & Assoc., P.C.*, No. 14-C-8633, 2015 WL 3629950, at *2-3 (N.D. Ill. June 9, 2015). *See also Adams v. Law Office of Keith S. Shindler, Ltd.*, No. 14-C-8123, 2015 WL 3528267, at *3 (N.D. Ill. June 4, 2015) (holding that a wage garnishment is not a legal action against any consumer). This Court finds the reasoning in these cases persuasive.

The relevant state wage deduction statute also supports Defendant's argument that a wage garnishment is not a legal action against a consumer. Illinois' wage deduction statute involves both the judgment debtor and their employer in the proceedings filed by the judgment creditor. 735 Ill. Comp. Stat. 5/12-801 *et seq.* The Illinois Wage Deduction Act enforces judgments obtained against a debtor by levying against the debtor's wages. *A.J. Smith Fed. Sav. Bank v. Sabuco*, 989 N.E.2d 315, 318 (Ill. App. Ct. 2013). After a judgment is obtained against a debtor

in a collections action, the judgment creditor must file an affidavit stating that the judgment debtor is indebted to the judgment creditor. 735 Ill. Comp. Stat. 5/12-805(a). The judgment creditor is also required to send a wage deduction notice to the judgment debtor. *Id.* Written interrogatories to be answered by the debtor's employer, or garnishee, must also be filed. *Id.* Only after the affidavit and written interrogatories are filed may the summons be issued against the employer to command them to appear before the court and answer the written interrogatories. *Id.*

Once the employer-garnishee files an answer to the interrogatories pursuant to 735 Ill. Comp. Stat. 5/12-808(c), a copy of the completed interrogatories must be sent to the debtor. *Id.* The judgment creditor and the judgment debtor may contest the truth or sufficiency of the employer's answer. 735 Ill. Comp. Stat. 5/12-811(a). Further, a judgment debtor may request a hearing to dispute the wage deduction. 735 Ill. Comp. Stat. 5/12-811(b). After a trial, an enforceable deduction order may be entered against the employer. 735 Ill. Comp. Stat. 5/12-811(d). If the employer fails to appear or remit funds pursuant to the deduction order, a conditional judgment is issued against the employer. 735 Ill. Comp. Stat. 5/12-807-805.5.

These provisions of the Wage Deduction Act support the interpretation that a wage garnishment action is against the employer and not against the debtor. The proceeding is consistently referred to as a proceeding *against the employer*, and only references a judgment against the debtor when referring to a collection action. 735 Ill. Comp. Stat. 5/12-801 *et seq.* While the debtor is involved in these proceedings, their participation is minimal compared to that of the employer. *Id.* The summons is issued against the employer, the employer must answer, the employer must respond to the interrogatories, and final judgment is made against the employer. *Id.*

6

Plaintiff refers to Federal Trade Commission ("FTC") commentary to support her argument. In its comments regarding the FDCPA, the FTC confirms that post-judgment enforcement proceedings may be enforced in a location other than the location of the original action. Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988). Specifically, the FTC commentary reasoned that "[i]f a judgment is obtained in a forum that satisfies the requirements of this section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." *Id.* Plaintiff argues that because the original collections action was filed in the improper forum, this motion should be denied as "[a] holding in favor of LeBrun properly punishes Blitt for proceeding against LeBrun in the improper venue." (Dkt. No. 13, p. 5.) This argument is not persuasive, as the location of the original collection action filing is not relevant to the issue of whether or not a wage garnishment action is against the consumer. It is improper to allow recovery for the collections action as the one year statute of limitations has expired, and therefore this case may only focus on the wage garnishment. 15 U.S.C. § 1692k(d).

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [10] is granted. Plaintiff's Complaint is dismissed with prejudice.

Date: August 19, 2015

_____
JOHN W. DARRAH
United States District Court Judge